IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

TIMMIE GENE CROW,           §
TDCJ #1030548,              §
                            §
          Plaintiff,        §
                            §
v.                          §           CIVIL ACTION NO. G-07-0096
                            §
NATHANIEL QUARTERMAN, *et al.*,  §
                            §
          Defendants.       §

## MEMORANDUM AND ORDER

State inmate Timmie Gene Crow (TDCJ #1030548, former #633591, #286035) has filed a *pro se* complaint under 42 U.S.C. § 1983, alleging violations of his civil rights in connection with the calculation of his sentence. Crow, who proceeds *in forma pauperis*, has also provided a lengthy memorandum in support of his complaint. The defendants have filed a motion for summary judgment. (Doc. # 26). Crow has filed more than one response. (Docs. # 27, # 28). Crow has also filed a motion for discovery. (Doc. # 22). After reviewing all of the pleadings, the summary judgment record, and the applicable law, the Court grants the defendants' motion and dismisses this case for reasons that follow.[1]

## I.   BACKGROUND

Crow is currently incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ") at the Stringfellow Unit in

---

[1]      On October 25, 2007, this case was reassigned pursuant to General Order No. 2007-10 to United States District Judge Melinda Harmon. This case is being handled by the undersigned by agreement of the judges.

Rosharon, Texas, as the result of a criminal conviction entered against him on February 12, 2001, in the 336th Judicial District Court for Grayson County, Texas. Crow entered a guilty plea in that case (cause number 047458-D) to charges of burglary of a habitation. The indictment was apparently enhanced with allegations that Crow was a habitual felon with at least two prior convictions, making him eligible for punishment of up to ninety-nine years or life imprisonment. Under the terms of a plea bargain with the State, however, Crow received a sentence of twenty-five years' imprisonment. He did not appeal from that conviction.

Crow does not challenge the validity of his underlying conviction, which is a subject matter reserved for federal habeas corpus review, and he does not complain about the conditions of his confinement or raise a claim that is traditionally presented in a civil rights complaint under 42 U.S.C. § 1983.[2] Instead, Crow has filed a civil rights complaint to challenge the calculation of his sentence as it relates to his eligibility for an "award of parole." Crow contends that prison officials have wrongfully discounted or failed to count credit that he has earned for good behavior while in prison (*i.e.*, "good-time credit") and that

---

[2]     The Court notes that Crow previously filed a federal habeas corpus petition to challenge his guilty plea to the charge of burglary of a habitation. *See Crow v. Dretke*, Civil No. 4:04-0070 (E.D. Tex.). That proceeding, which challenged the guilty plea and the sentence imposed by the 336th Judicial District Court of Grayson County in cause number 047458-D, was dismissed as barred by the governing one-year statute of limitations and for failure to exhaust available state court remedies. *See id.* (Docs. # 11, # 12). The Fifth Circuit denied a certificate of appealability and the Supreme Court denied a writ of certiorari. Another federal habeas corpus proceeding filed by Crow to challenge his conviction has been dismissed as successive. *See Crow v. Director, TDCJ*, Civil No. 4:05-0275 (E.D. Tex.). Likewise, Crow has unsuccessfully sought a writ of mandamus in an effort to alter the state court's judgment in cause number 047458-D. *See Crow v. Director, TDCJ*, Civil No. 4:07-0075 (E.D. Tex.).

they have incorrectly calculated his parole eligibility date as a result.  Crow maintains that his good-time credits should count toward his early release on parole and that he has a protected liberty interest in the credits that he has earned under Texas law.  By failing to count his good-time credits toward his early release on parole, Crow insists that prison officials have violated Article 37.07, § 4(a) of the Texas Code of Criminal Procedure.  As Crow notes, this statute authorizes a trial court to include the following language in a jury instruction on the issue of parole eligibility:  "Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time."  TEX. CODE. CRIM. PROC. art. 37.07, § 4(a).  A jury is further instructed that it is "also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole."  *Id.*

The defendants in this case include TDCJ Executive Director Brad Livingston, TDCJ Director Nathaniel Quarterman, and Rissie Owens, who serves on the Texas Board of Pardons and Paroles.  Although a jury did not decide his sentence, Crow complains that the defendants have violated his right to due process and equal protection by failing or refusing to reduce the period of his incarceration in compliance with Article 37.07, § 4(a) by crediting the good-time he has earned toward his early release on parole.  Crow alleges further that the calculation of his sentence has violated the prohibition against the Double Jeopardy Clause, among other constitutional provisions, by increasing his sentence.  Crow seeks injunctive or "equitable" relief under 42 U.S.C. § 1983 in the form of a court order declaring him eligible for parole. The defendants have moved for summary judgment, arguing that Crow is not

entitled to the relief that he seeks.  Crow disagrees.  The parties' contentions are discussed further below under the governing standard of review.

## II.   <u>STANDARD OF REVIEW</u>

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances.  Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief").  The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

In this case, the defendants have filed a motion for summary judgment, arguing that the plaintiff's claims fail as a matter of law.  Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure.  Under Rule 56, a court must determine

4

whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party bears the burden to show that "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Capitol Indem. Corp. v. United States*, 452 F.3d 428, 430 (5th Cir. 2006).

Once the moving party meets its initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). The nonmovant cannot satisfy this burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). To survive summary judgment, the nonmovant must submit or identify evidence in the record to show the existence of a genuine issue of material fact as to each element of the cause of action. *See Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003) (citation omitted). Facts and inferences reasonably drawn from those facts should be taken in the light most favorable to the non-moving party. *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992). Where the non-moving party fails to establish "the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," no genuine issue of material fact can exist. *Celotex*, 477 U.S. at 322-23; *Whiting v. University of Southern Miss.*, 451 F.3d 339, 345 (5th Cir. 2006).

The nonmovant's burden is not met by mere reliance on the allegations or denials in the nonmovant's pleadings. *See Morris v. Covan Worldwide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998); *see also Johnston v. City of Houston*, 14 F.3d 1056, 1060 (5th Cir. 1994) ("Unsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence."). Likewise, the nonmoving party "cannot satisfy this burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Freeman v. Tex. Dep't of Crim. Justice*, 369 F.3d 854, 860 (5th Cir. 2004) (citations omitted). In the absence of proof, a reviewing court will not assume that the nonmovant could or would prove the necessary facts. *See McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *revised on other grounds upon denial of reh'g*, 70 F.3d 26 (5th Cir. 1995). Although the plaintiff proceeds *pro se*, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

## III.   DISCUSSION

### A.     Habeas Corpus or Civil Rights

The Court pauses briefly to ensure that subject matter jurisdiction is properly alleged. In this case, Crow expressly invokes 42 U.S.C. § 1983 as the basis for his challenge to the calculation of his sentence. A prisoner may not file a civil rights lawsuit under 42 U.S.C. § 1983 to challenge the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). Rather, a prisoner who seeks his release from custody must pursue

appropriate relief in state court followed, if necessary, by a petition governed by the federal

habeas corpus statutes found at 28 U.S.C. § 2254.  *See id*.

The "core issue in determining whether a prisoner must pursue habeas corpus relief

rather than a civil rights action is to determine whether the prisoner challenges the 'fact or

duration' of his confinement or merely challenges the rules, customs, and procedures

affecting 'conditions' of confinement." *Cook v. Texas Dep't of Criminal Justice Transitional

Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994) (quoting *Spina v. Aaron*, 821 F.2d 1126,

1128 (5th Cir. 1987)).  The Fifth Circuit has adopted the following "bright line rule" for

resolving this issue:  If a favorable determination would not automatically entitle the prisoner

to accelerated release from confinement, the complaint is properly characterized as a § 1983

suit.  *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (citing *Orellana v. Kyle*, 65

F.3d 29, 31 (5th Cir. 1995) (per curiam)).

Crow does not challenge a particular decision denying his release on parole and he

does not clearly attempt to seek his accelerated release.  Rather, Crow's complaint concerns

the calculation of his sentence as it relates to his eligibility for early release from custody on

parole.  In that respect, Crow argues that he is entitled to relief because the calculation of his

sentence has delayed his eligibility for parole in an unlawful manner.  To the extent that

Crow seeks expedited consideration for early release on parole, his claims appear cognizable

under 42 U.S.C. § 1983.  *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005); *Serio v. Members,

Louisiana State Bd. of Pardons*, 821 F.2d 1112, 1118 (5th Cir. 1987).

To establish liability under § 1983, a civil rights plaintiff must establish two elements: (1) state action, *i.e.*, that the conduct complained of was committed under color of state law, and (2) a resulting violation of federal law, *i.e.,* that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States.  *See Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992); *Baker v. McCollan*, 443 U.S. 137, 142 (1979); *see also Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002) (In short, "[s]ection 1983 provides a claim against anyone who, 'under color of' state law, deprives another of his or her constitutional rights.") (citing *Doe v. Taylor Indep. Sch. Dist*., 15 F.3d 443, 452 (5th Cir. 1994)).

The complaint filed by Crow poses a series of "federal questions of law" that reportedly concern the calculation of his sentence under Texas law.  Liberally construed, Crow alleges that prison officials have calculated his sentence incorrectly under Texas law by failing to count his good-time credits as required by Article 37.07, § 4(a) of the Texas Code of Criminal Procedure, which allegedly creates a "liberty interest."  Thus, Crow claims that officials have delayed his eligibility for parole in violation of the Due Process and Equal Protection Clauses found in the Fourteenth Amendment of the United States Constitution. Crow alleges further that, by failing to count his previously earned good-time credits, the defendants have calculated his sentence in a manner that has increased his punishment, thereby posing a double jeopardy violation.  As outlined further below, however, Crow fails to demonstrate that his sentence has been calculated incorrectly under the laws governing good-time credit and parole eligibility in Texas.

### B.      Good-Time Credit and Parole Eligibility in Texas

Crow insists that prison officials have incorrectly calculated his sentence with regard to his parole eligibility date because they have failed to count the good-time credits that he has earned.  The determination of a Texas prisoner's eligibility for early release depends on the type of parole that he is eligible to receive, if any, and whether his underlying criminal conviction affects his parole eligibility.

There are two ways in which a state prisoner becomes eligible for early release from confinement under Texas law.  The first is by "parole" and the second is "mandatory supervision" release.  "Parole" means "the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division."  TEX. GOV'T CODE § 508.001(6) (Vernon 2004).  Subject to several exceptions, most Texas inmates are "eligible for release on parole when the inmate's actual calendar time served plus good conduct time equals one-fourth of the sentence imposed or 15 years, whichever is less." TEX. GOV'T CODE ANN. § 508.145(f).  Similarly, "mandatory supervision" is "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(5).  Whereas parole is wholly discretionary, however, an inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the

inmate was sentenced." *Id.* at § 508.147(a); *Jackson v. Johnson*, 475 F.3d 261, 263, n.1 (5th Cir. 2007).

As the Texas statutes governing parole and mandatory supervision reflect, "good conduct time" or "good-time credit" can affect the timing of an inmate's eligibility for early release.[3]  Importantly, good-time credit in Texas is a privilege and not a right.  *See* TEX. GOV'T CODE ANN. § 498.003(a).  It is further well established that good-time credit does not reduce an inmate's actual sentence and relates only to his eligibility for early release.  *See id.*; *see also Ex parte Henderson*, 645 S.W.2d 469, 472 (Tex. Crim. App. 1983).  In that respect, good-time credit serves two functions in Texas: (1) it determines a prisoner's mandatory supervision release date (if he is eligible for early release on mandatory supervision parole); and (2) depending on the nature of his underlying offense, it advances a prisoner's date of eligibility for early release on discretionary parole. *See* 5 JOHN M. SCHMOLESKY, TEXAS CRIMINAL PRACTICE GUIDE: PAROLE § 101.03[2]–[3] (2007).

Notwithstanding the amount of good-time that he earns while in prison, an inmate's underlying criminal conviction also affects his eligibility for early release.  Inmates with convictions for certain serious offenses listed in Article 42.12, § 3g of the Texas Code of Criminal Procedure are not eligible for mandatory supervision.  *See* TEX. GOV'T CODE ANN. § 508.149(a).  Crow is currently in custody as the result of a 2001 conviction for burglary of

---

[3]  A Texas inmate does not earn good-time credit simply for good behavior.  Depending on his classification, a Texas inmate may earn good-time credit only if prison officials find that the inmate is actively engaged in an agricultural, vocational, or educational endeavor, in an industrial program or other work program, or in a treatment program. *See* TEX. GOV'T CODE ANN. §§ 498.003(a), (d).

a habitation with intent to commit theft. Crow alleges that he agreed to plead guilty to "second degree" charges of burglary of a habitation, which reportedly is an offense that would not prevent him from eligibility for release on mandatory supervision. In making this allegation, Crow appears to contend that he should be eligible for mandatory supervision and that his good-time credits should be counted accordingly toward his potential early release in advance of his potential release on parole.[4] Crow concedes that he has a prior conviction for rape, however, which apparently is an offense listed in Article 42.12, § 3g that precludes eligibility for mandatory supervision.[5] (Doc. # 2, Memorandum, at 9; Doc. # 27, Response, at 5). As a result of this prior conviction, Crow is not eligible for mandatory supervision. Because Crow is not eligible for mandatory supervision, the good-time credit that he earns counts only toward his eligibility for early release on parole.

The pleadings reflect that Crow is currently eligible for parole. Contrary to Crow's allegation that he has not been considered for early release, Crow has been considered for parole on several occasions, in February of 2003, March of 2005, March of 2006, and

---

[4]    This is type of argument, regarding Crow's eligibility for mandatory supervision, improperly attempts to breach the wall between civil rights and habeas corpus by raising a claim that he is entitled to accelerated release from prison, rather than simply expedited consideration for such release. As explained above, such a claim is not actionable under 42 U.S.C. § 1983. *See Carson*, 112 F.3d at 820-21.

[5]    Under the circumstances applicable to Crow, a criminal defendant with a prior conviction for rape is not eligible for mandatory supervision under the relevant statutory scheme. *See Ex parte Ervin*, 187 S.W.3d 386, 389 (Tex. Crim. App. 2005) (noting that "applicant is not eligible for mandatory supervision release because he has been previously convicted of a second degree predecessor of Penal Code Section 22.011 (sexual assault) and because Government Code Section 508.149(a) precludes from release inmates who have been convicted of such an offense or its predecessors").

February of 2007.  The Texas Board of Pardons and Paroles has denied parole each time, citing Crow's criminal record and his inability to comply with the terms of supervised release on prior occasions.  Crow, who does not challenge the validity of these adverse decisions, fails to show that his sentence or his parole eligibility has been calculated incorrectly under Texas law and he does not otherwise establish that he has been wrongfully denied consideration for early release on parole.  Crow's contention that his sentence calculation otherwise violates principles of due process, equal protection, and double jeopardy fails likewise for reasons set forth briefly below.

### C.     Due Process

Crow claims that prison officials have violated the Fourteenth Amendment Due Process Clause by wrongfully failing to consider the quantity of good-time credit that he has accrued.  By refusing to reduce the length of his incarceration by crediting the good-time credit that he has earned, Crow insists that prison officials have deprived him of a liberty interest protected by the Due Process Clause.

Prison inmates typically are entitled to protection under the Due Process Clause only when an official action infringes upon a constitutionally protected liberty interest.[6]  *See Sandin v. Conner*, 515 U.S. 472 (1995).  Liberty interests emanate from either the Due

---

[6]     The Fourteenth Amendment of the United States Constitution prohibits the deprivation "of life, liberty, or property, without due process of law."  U.S. CONST. amend. XIV, § 1.  The forfeiture of good-time credits does not result in the loss of life and it is also settled that Texas prisoners have no property interest in their accumulated good-time credits.  *Ex parte Montgomery*, 894 S.W.2d 324, 328-29 (Tex. Crim. App. 1995).  To prevail with a claim under the Due Process Clause, therefore, a Texas inmate must demonstrate that he has a liberty interest in the good-time credit at issue.

Process Clause itself or from state law.  *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).   A convicted prisoner does not have a constitutional right to conditional release before the expiration of a valid sentence.  *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979).  Likewise, the Constitution does not guarantee an inmate good-time credit for satisfactory behavior while in prison. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).  Therefore, Crow's due process claim depends on the existence of an interest created by state law.

The Supreme Court has decided that only those state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause.  *Sandin*, 515 U.S. at 487.  *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995).  In Texas, it is well established that only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release under the Texas mandatory supervision scheme and a protected liberty interest in the good-time credits that they have earned.  *Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996).

As noted above, Crow is not eligible for mandatory supervision.  Because Crow is not eligible for mandatory supervision, he does not have a protected liberty interest in his accrued good-time credits.   Likewise, Crow does not have a protected liberty interest in the

attainment of parole.  The United States Supreme Court has recognized that the states have no duty to establish a parole system and that there is no constitutional right to be released on parole before the expiration of a valid sentence.  *See Board of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987) (explaining that "statutes or regulations that provide that a prole board 'may' release an inmate on parole do not give rise to a protected liberty interest"); *Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 11 (1979) (holding that a statute which "provides no more than a mere hope that the benefit will be obtained . . . is not protected by due process").  In light of this authority, the Fifth Circuit has recognized repeatedly that the Texas parole statutes create no constitutional right to release on parole because they encourage no expectancy of early release.  *See Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981) (Texas parole statute does not create a protectable expectancy of release, as recognized in *Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979), but rather creates nothing more than a hope of parole); *see also Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle*, 65 F.3d 29 (5th Cir. 1995); *Gilbertson v. Texas Board of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993); *Creel v. Keene*, 928 F.2d 707, 712 (5th Cir. 1991).  It is settled that Texas inmates "have no protected liberty interest in parole." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). It follows that Texas inmates who are eligible for parole, but not for mandatory supervision, have no protected liberty interest in their good-time credits.

Crow insists, nevertheless, that a protected liberty interest exists in his case.  In support of his claim that prison officials have discounted his good-time credits in violation

of a constitutionally protected liberty interest, Crow points to Article 37.07, § 4(a) of the

Texas Code of Criminal Procedure, which authorizes the following jury instruction during

the penalty phase of a trial involving certain aggravated offenses:

> (a)    In the penalty phase of the trial of a felony case in which the punishment is to be assessed by the jury rather than the court, if the offense of which the jury has found the defendant guilty is listed in Section 3g(a)(1), Article 42.12, of this code or if the judgment contains an affirmative finding under Section 3g(a)(2), Article 42.12, of this code, unless the defendant has been convicted of a capital felony the court shall charge the jury in writing as follows:
>
> > "Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.
> >
> > "It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.
> >
> > "Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years, whichever is less, without consideration of any good conduct time he may earn. If the defendant is sentenced to a term of less than four years, he must serve at least two years before he is eligible for parole. Eligibility for parole does not guarantee that parole will be granted.
> >
> > "It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of

> these laws will depend on decisions made by prison and parole authorities.
>
>    "You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant."

TEX. CODE CRIM. PROC. art. 37.07, § 4(a).  Other sections of this statute authorize similar instructions for juries presiding over the punishment of non-aggravated felonies regarding the defendant's potential release on parole.  *See id*. at 37.07, § 4(b)-(c).  Crow appears to argue that Article 37.07, § 4 creates a liberty interest simply because it advises that a defendant "may earn time off the period of incarceration" as the result of earned good-time credit.

Because Crow pleaded guilty to the burglary-of-a-habitation offense for which he is now in custody, the parole instruction authorized by Article 37.07, § 4 was not given to a jury in his case and it had no effect on the determination of his sentence.  More importantly, as other federal district courts within the Fifth Circuit have concluded, Article 37.07, § 4 does not create a reasonable expectancy of early release of the type protected by a due process liberty interest. *See Pohl v. Livingston*, Civil No. 9:06-4, 2006 WL 1050649 (E.D. Tex. April 18, 2006) (rejecting a claim that Article 37.07, § 4 creates a liberty interest protected by the Due Process Clause); *see also Gross v. Quarterman*, Civil No. 4:04-0136 2007 WL 4411755 (S.D. Tex. Dec. 17, 2007) (same); *Strickland v. Quarterman*, Civil No. H-07-0506, 2007 WL 2409220 (S.D. Tex. Aug. 20, 2007); *Parks v. Perry*, Civil No.  5:06-255, 2007 WL 438251

(E.D. Tex. Feb. 6, 2007) (same); *Gordon v. Perry*, Civil No. 5:06-242, 2007 438253 (E.D. Tex. Feb. 6, 2007) (same). Crow fails to demonstrate otherwise.

Crow has not shown that prison officials have calculated his sentence incorrectly under Texas law or that prison officials have erred by failing to count his good-time credits toward his release on parole. Absent a showing that prison officials have violated a constitutionally protected liberty interest, Crow's complaint fails to state a valid claim under the Due Process Clause. The defendants are entitled to summary judgment on this issue.

### C. Equal Protection

Crow also alleges that, by not counting his good-time credits correctly toward his parole eligibility, prison officials have calculated his sentence in a manner that violates the Fourteenth Amendment Equal Protection Clause. The Equal Protection Clause requires that similarly situated persons be treated alike. *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). To establish an equal protection claim, a plaintiff must demonstrate that (1) the state created two or more classifications of similarly situated prisoners that were treated differently; and (2) the classification had no rational relation to any legitimate governmental objective. *See Johnson v. Rodriguez*, 110 F.3d 299, 306-07 (5th Cir. 1997). A plaintiff may also state an equal protection claim if he alleges that his disparate treatment was motivated by any illegitimate animus or ill-will. *See Shipp v. McMahon*, 234 F.3d 907, 916 (5th Cir. 2000) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000) (per curiam) (addressing an equal protection challenge to state legislation and regulatory action brought by a "class of one").

17

Crow does not allege or show that he has been treated differently from other similarly situated inmates.  Likewise, Crow does not allege facts showing that he has been singled out for ill treatment for any impermissible reason.  Crow has not demonstrated the requisite disparate treatment and, therefore, he fails to state a valid claim upon which relief can be granted under the Equal Protection Clause.  The defendants are entitled to summary judgment on this issue.

### D.      Double Jeopardy

Crow alleges further that, by considering his prior convictions in connection with his eligibility for release on parole, prison officials have increased his sentence in a manner that violates the prohibition against double jeopardy.  The Double Jeopardy Clause of the Fifth Amendment, made applicable to the States through the Fourteenth Amendment, provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb."  U.S. CONST. amend. V.  This clause protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *See United States v. Dixon*, 509 U.S. 688, 695-96 (1993).

Crow appears to contend that denying him early release on parole has resulted in multiple punishment.  A parole hearing is not a criminal proceeding and a decision to deny parole is not a double punishment.  *See, e.g., Averhart v. Tutsie*, 618 F.2d 479, 483 (7th Cir. 1980) (explaining that protections found in the Double Jeopardy Clause are not triggered by the denial of parole because "[r]ather than constituting another punishment for the same

offense, the denial of parole merely perpetuates the status quo: the prisoner remains incarcerated under a validly imposed sentence"). Absent allegations showing that his actual sentence has been increased improperly or that he has been punished twice for the same offense, Crow's double jeopardy claim is without merit. None of the other allegations presented by Crow are sufficient to articulate a constitutional violation in connection with the calculation of his sentence or with his parole eligibility. Accordingly, Crow's complaint must be dismissed.

### E.   Crow's Discovery Motion

Crow has filed a motion for discovery of the records from his prior convictions. (Doc. # 22). The Court construes this motion as a discovery request under Rule 56(f) of the Federal Rules of Civil Procedure, which governs motions for a continuance to conduct discovery while a summary judgment motion is pending.

Motions for a continuance under Rule 56(f) are "generally favored, and should be liberally granted." *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534 (5th Cir. 1999) (citing *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992)). To justify a continuance, however, the Rule 56(f) motion must demonstrate (1) why the movant needs additional discovery, and (2) how the additional discovery will likely create a genuine issue of material fact. *See Stearns Airport Equip.*, 170 F.3d at 534-35 (citing *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993)). In that regard, the movant "must be able to demonstrate how postponement and additional discovery will allow him to defeat summary judgment; it is not

enough to 'rely on vague assertions that discovery will produce needed, but unspecified, facts.'" *Stearns Airport Equip.*, 170 F.3d at 535 (quoting *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (citation omitted)).

In this instance, Crow seeks records from his prior conviction for rape in 1976. Crow apparently believes that this prior conviction for rape is the reason that he has been denied eligibility for early release on mandatory supervision. Crow's complaint, however, challenges only the manner in which his sentence has been calculated. Crow's classification in terms of his eligibility for mandatory supervision is a separate issue that is not actionable under 42 U.S.C. § 1983.[7] Crow does not show that the discovery he seeks would raise a genuine issue of material fact about whether the defendants have calculated his sentence incorrectly and he fails to demonstrate that the requested information would establish a valid claim under 42 U.S.C. § 1983. Accordingly, his motion for discovery is denied.

## V.    CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

---

[7]    Importantly, Crow does not raise a claim under 42 U.S.C. § 1983 that he has been incorrectly classified as ineligible for early release on mandatory supervision. Such a claim would implicate Crow's eligibility for accelerated release and would be actionable, if at all, under the federal habeas corpus statutes. *See Carson*, 112 F.3d at 820-21. As such, Crow's claim would be subject to the exhaustion requirement found in 28 U.S.C. § 2254(b), meaning that Crow would have to present this claim in state court first. *See, e.g., Ex parte Hill*, 208 S.W.3d 462 (Tex. Crim. App. 2006) (reviewing whether an offender was properly classified as "not eligible" for mandatory supervision under the Texas habeas corpus statute, Article 11.07 of the Texas Code of Criminal Procedure). Because it does not appear that Crow has filed a state habeas corpus application to determine whether his classification for mandatory supervision is correct, this Court declines to address that issue or to recharacterize his civil rights complaint as a habeas corpus proceeding.

20

1.      The defendants' motion for summary judgment (Doc. # 26) is **GRANTED**; the defendants' motion for leave to file their motion for summary judgment out of time (Doc. # 25) is **MOOT**.

2.      The plaintiff's motion for discovery (Doc. #22) is **DENIED**.

3.      The plaintiff's complaint is **DISMISSED** with prejudice.

The Clerk is directed to provide a copy of this order to the parties.

SIGNED on <u>August 13th</u>, 2008.


Nancy F. Atlas
United States District Judge